**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No. 10-CR-20705

FATIMA HOUSSEIN TOUFAILI D-1 AND
ALI DARWICH D-4,

    Defendant.
    _____/

**ORDER STRIKING ALL PRO SE DOCUMENTS AND DIRECTING DEFENDANTS TO CEASE FILING PRO SE DOCUMENTS WHILE REPRESENTED BY COUNSEL**

On November 22, 2010, the court issued an order on the docket of Case Number 09-20280. In that order, the court explicitly directed Defendant Ali Darwich to cease filing documents pro se while he is represented by counsel. The order followed an on-the-record status conference, conducted on November 18, 2010, at which the court confirmed with Defendant Ali Darwich that he wishes to remain represented by Attorney Fred Walker and does not wish to proceed pro se. After the issuance of the order, the Superceding Indictment applicable to Defendant Darwich in Case Number 09-20280 was dismissed and this nearly identical case was initiated by Indictment on November 23, 2010. Attorney Walker was again assigned to represent Defendant Darwich on December 2, 2010, and has represented him since that time.

Nonetheless, in the past two months, Defendant Darwich has personally filed at least eleven pro se documents. Additionally, three documents appear to have been

written by Defendant Darwich and filed on behalf of Defendant Fatima Toufaili.[1] Defendant Toufaili is also represented by counsel and therefore cannot file pro se documents, nor does Defendant Darwich have any standing to file documents on her behalf. Although the court has specifically instructed Defendant Darwich and Defendant Toufaili that they are not allowed to file pro se motions on behalf of themselves or on behalf of one another while represented by counsel (*see* Case No. 09-20280, Dkt. ## 26, 29, 32, 92, 96), Defendant Darwich, at least, appears not to have heeded this direction. While it is *possible* Defendant believes that the previous orders do not apply to this current case, the court finds it more likely that Defendant simply is disregarding the court's instruction. Giving Defendant the benefit of the doubt, however, the court will issue a specific instruction to all Defendants in this case, but particularly applicable to Defendant Darwich, to cease filing pro se documents while represented by counsel.

    As has been explained to Defendant many times, Defendant is not entitled to represent himself while simultaneously represented by counsel. A criminal defendant has the right to appear pro se or by counsel, a right protected by both the Sixth Amendment to the United States Constitution and federal statute. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *see also Faretta v. California*, 422 U.S. 806, 807, 832 (1975); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *Ennis v.*

---

[1] It is somewhat unclear to the court whether the documents filed as docket numbers 42, 47 and 53 were written by Defendant Darwich or Defendant Toufaili. They appear to be written in Defendant Darwich's handwriting but are purportedly signed by Defendant Toufaili. For purposes of this order, it does not matter which defendant authored or submitted them, as neither Defendant has authority to be filing pro se documents.

*LeFevre*, 560 F.2d 1072, 1075 (2nd Cir. 1977); *United States v. Williams*, 534 F.2d 119, 123 (8th Cir. 1976). This right, however, is disjunctive; thus a party may chose *either* to represent himself or to appear through an attorney. There is no right to "hybrid" representation that would result in simultaneous or alternating self-representation and representation by counsel. As the Sixth Circuit has stated:

> The right to defend pro se and the right to counsel have been aptly described as "two faces of the same coin," in that waiver of one right constitutes a correlative assertion of the other. While it may be within the discretion of a District Court to permit both a criminal defendant and his attorney to conduct different phases of the defense in a criminal trial, for purposes of determining whether there has been a deprivation of constitutional rights a criminal defendant cannot logically waive or assert both rights.

*United States v. Mosely,* 810 F.2d 93, 97 (6th Cir. 1987) (citing *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970)). Put simply, a person represented by counsel must rely upon that counsel. *See, e.g.*, *United States v. Olson*, 576 F.2d 1267, 1269-70 (8th Cir. 1978); *Daniels*, 572 F.2d at 540; *Ennis*, 560 F.2d at 1075; *Williams*, 534 F.2d at 123; *United States v. Hill*, 526 F.2d 1019, 1024-25 (10th Cir. 1975). In light of this case law, the court will accept only those motions filed by attorneys of record when defendants are represented by counsel.

Defendants Darwich and Toufaili are therefore instructed to cease filing pro se documents and cautioned that any further attempts to do so will be interpreted by the court as deliberately acting in direct contravention of a court order. The court will strike all current pro se filings, but will leave their images on the docket to allow counsel for Defendants Darwich and Toufaili to review them to determine whether any action should be taken based on their substance. To the extent Defendant Darwich has attempted to

3

"fire" or "decline" counsel by filing a pro se document, the court will not act on any pro se requests. If Defendant Darwich wants to represent himself, he must instruct his attorney to file the appropriate motion. It is expected that, as an officer of the court, counsel will respond to any clear requests for counsel to file such a motion. Accordingly,

IT IS ORDERED that Defendants Darwich and Toufaili are DIRECTED to cease filing any pro se motions in this criminal matter while represented by counsel. Any pro se filing filed by Defendant in this case while represented by counsel will be stricken by the court. If, at any time, Defendants want to sever the attorney relationship with their current counsel, they must so inform his counsel, who will take any appropriate steps, and the court will consider the advisability of doing so.

IT IS FURTHER ORDERED that all current pro se documents [Dkts. ## 29, 31, 35, 36, 37, 42, 43, 47, 49, 52, 53, 54, 55, and 56] are hereby STRICKEN from the docket of this court. The Clerk of the Court is instructed to retain the images of these documents on the docket.

Counsel for Defendants Darwich and Toufaili are DIRECTED to hand-deliver a copy of this order to their clients and to explain the consequences, including the implications of criminal contempt proceedings and the consecutive sentencing that can result from a conviction for disobeying court orders.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: January 31, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 31, 2011, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-20705.DARWICH.NoHybridFilingsRepresented.wpd