UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 10-20705

FATIMA TOUFAILI,

    Defendant.
                                     /

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR CONTACT VISITS**

Before the court is a motion filed, through counsel, by Defendant Fatima Toufaili. In her motion, Defendant indicates that she is currently detained at St. Clair County Jail which, apparently, does not allow "contact visits." Defendant states that, after imposition of her sixteen-month sentence, she was on her way to FPC Alderson when she was returned to the St. Clair County Jail in Michigan. She states that, had she been housed at Alderson, she would have been "allowed a minimum of four hours of visiting time per month, with a limit of four visitors, in the visiting room (contact visits)." (Mot. 1-2). Defendant requests that the court order either (1) that St. Clair County Jail allow contact visits with her three youngest children, or (2) that she be transferred to Alderson. According to Defendant, the Assistant United States Attorney assigned to this case "defers to her custodians." (Mot. 1.)

Typically, this court's position on such matters is also that it "defers to her custodians." It is the Bureau of Prisons's responsibility to determine the suitability of the general conditions of a prisoner's confinement, as well as the place of confinement itself. Only in the most unique circumstances has the court involved itself in the

placement of prisoners, and only then for extreme safety concerns not present here. The court finds no basis to recommend, let alone direct, that Defendant be transferred to Alderson. Indeed, it strikes the court as an entirely *inconvenient* location for the Defendant to maintain contact with her Michigan attorney in order to prepare for a trial which will soon occur in Michigan.

Similarly, the court rarely, if ever, involves itself in the privileges, such as the number and nature of visits, allowed to inmates. The court certainly recognizes the emotional hardship of being denied contact with one's children, but the court also recognizes that such hardships are, quite simply, a reality of imprisonment. This is not to say that, under appropriate circumstances, the court might not make a recommendation that contact visits be allowed. However, in order to justify such an intrusion into the affairs of the Bureau of Prisons, or into the affairs of a county jail, the court would need to know more information than what is presented in Defendant's motion. For example, other than the obvious statement that the jail has indicated it would comply if the court issued an order, the court is completely uninformed as to the feasability of contact visits, or the security risks associated with such visits. The court does not even know (1) if there are available facilities where such visits could occur at the St. Clair County Jail, (2) if such visits are ever allowed and, if so, under what circumstances, (3) if the jail has a particular concern about contact visits with this specific Defendant, (4) if there are any other reasons why the jail does not allow contact visits at this time. Indeed, the ministerial nature of these questions is the very reason the court typically does not intercede in the administrative affairs of jails or prisons. The court does not definitively rule against contact visits for Defendant, but Defendant, thus

far, has not provided a compelling argument why the court should depart from its standard policy refraining from intrusion into the general conditions of a prisoner's confinement. Accordingly,

IT IS ORDERED that Defendant Toufaili's motion for contact visits [Dkt. # 62] is DENIED WITHOUT PREJUDICE.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: February 11, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 11, 2011, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522