**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 10-CR-20705

FATIMA TOUFAILI,

    Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT TOUFAILI'S "MOTION FOR DISCLOSURE OR EXCLUSION OF CO-DEFENDANTS' STATEMENTS AND TO SEVER DEFENDANTS' TRIALS"**

Before the court is a motion filed, through counsel, by Defendant Fatima Toufaili, to disclose or exclude her co-defendants' statements which implicate her or, alternatively, to sever Defendants' trials. Defendants Ali Alaouie, Rabih Ali, and Mazen Mazraani have filed notices of joinder in the motion, and the Government has filed a response in opposition. For the reasons stated below, the court will deny the motion without prejudice.

In *Bruton v. United States*, 391 U.S. 123 (1968) the Supreme Court held that the admission of a defendant's confession, which also facially incriminates the co-defendant, in a joint trial violates the co-defendant's Sixth Amendment confrontation right when the defendant does not testify. *Id.* The Court so held even where the trial court gave a limiting instruction directing the jury to consider the confession only with respect to the confessing defendant, stating:

> [T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system

> cannot be ignored.  Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial. Not only are the incriminations devastating to the defendant but their credibility is inevitably suspect. . . .  The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination.

*Id.* at 135-136 (citations omitted).  The Court stated, however, that in many circumstances a limiting instruction *will* adequately protect one defendant from the prejudicial effects of the introduction at a joint trial of evidence intended for use only against a different defendant.  *Id.* at 135.

In *Richardson v. Marsh*, 481 U.S. 200 (1987), the Court allowed the introduction of a redacted confession which viewed in the context of other evidence introduced at trial implictly inculpated the co-defendant.  *Id.*  The Court contrasted the facts of *Richardson* with the facts of *Bruton*, stating that in *Bruton*, the confession "expressly implicat[ed]" the co-defendant, making the confession "powerfully incriminating."  *Id.* at 208 (citing *Bruton*, 391 U.S. at 135).  In *Richardson*, by contrast, "the confession was not incriminating on its face, and became so only when linked with evidence introduced later at trial."  *Id.*  The Court concluded by holding that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence."  *Id.* at 211.  The Court noted, however that they "express[ed] no opinion on the admissibility of a confession in which the defendant's name has been replaced with a symbol or neutral pronoun."  *Id.* at 211, n.5.

In *Gray*, the Supreme Court considered that situation and held that a "redaction

2

that replaces a defendant's name with an obvious indication of deletion, such as a blank space, the word 'deleted,' or a similar symbol, still falls within *Bruton*'s protective rule." *Gray v. Maryland*, 523 U.S. 185, 192 (1998).

In this case, Defendant Toufaili argues that Defendant Ali Darwich made a statement implicating her which, if introduced at trial and if Darwich does not testify, violate *Bruton*'s rule and her confrontation right under the Sixth Amendment.  Defendant further asserts that there may be other, as of yet unknown, statements by Darwich or her other co-defendants and their introduction would similarly violate the Sixth Amendment.  Defendant argues that *any* redaction would not adequately protect her and that instead the court must sever her trial from Darwich's trial.  Defendant so argues despite not knowing definitively if any of her co-defendants may plead guilty, if Darwich or the other co-defendants may take the stand, or what a redacted statement will look like.  Defendant also argues that she should be entitled to copies of *any* statements made by her co-defendants and that, if the Government does not disclose them, they should instead be excluded at trial.

The court finds that Defendant's motion is both premature and seeks too broad a remedy.  As outlined above, the Supreme Court has not held that severance is mandatory or that redaction cannot solve the *Bruton* issue.  Nor does *Bruton* require that *all* statements of co-defendants be disclosed to Defendant.  Indeed, *Bruton* does not even necessarily require that the particular confession at issue be disclosed to

Defendant, particularly this far in advance of trial.[1]  Nonetheless, in response to Defendant's motion, the Government states that it has provided Defendant with copies of the post-arrest statements of any co-defendant who has implicated her in any actions involving the charged conduct.  (Gov't's Resp. n.1.)  Furthermore, the Government argues that Defendant's motion should be denied because, through counsels' "joint effort[,] the parties can agree to a properly redacted statement that can be introduced at trial."  (*Id.* 5.)  The court finds this offer to be sensible, and consistent with the authority cited in Defendant's brief.  (*See* Def.'s Mot. 4-6.)

The court will thus deny Defendant's motion without prejudice and allow counsel to work cooperatively in an attempt to solve the *Bruton*.  Accordingly,

IT IS ORDERED that Defendant Toufaili's "Motion for Disclosure or Exclusion of Co-Defendants' Statements and to Sever Defendants' Trials" [Dkt. # 40], along with the notices of joinder filed by Defendants Alaouie, Ali, and Mazraani [Dkt. ## 69, 70, 73], are DENIED WITHOUT PREJUDICE.

Counsel are DIRECTED to work diligently and in good faith to arrive at a redacted version of the relevant statements which are mutually acceptable to the parties for admission at a joint trial.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 1, 2011

---

[1] Government disclosures, of course, are governed by Federal Rule of Criminal Procedure 16, and there appears to be no provision in that rule applicable to *Bruton* confessions.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 1, 2011, by electronic and/or ordinary mail.

                                          S/Lisa Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522