UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 10-CR-20705

FATIMA HOUSSEIN TOUFAILI,

    Defendant.
_____/

## ORDER STRIKING PRO SE APPLICATIONS

Before the court is are two applications, filed pro se by Fatima Houssein Toufaili. The court will strike the applications because, at the time of the filing, Defendant was represented by counsel. Thus, all filings must be made by the attorney of record.[1]

Defendant is not entitled to represent herself while simultaneously represented by counsel. A criminal defendant has the right to appear *pro se* or by counsel, a right protected both by the Sixth Amendment to the United States Constitution and by federal statute. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *see also Faretta v. California*, 422 U.S. 806, 807, 832 (1975); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2nd Cir. 1977); *United States v. Williams*, 534 F.2d 119, 123 (8th Cir. 1976). This right, however, is disjunctive, thus a party may chose *either* to represent herself or to appear through an attorney. There is no right to "hybrid" representation that would result in simultaneous or alternating self-

---

[1] Additionally, the court notes that the applications are also moot, as they relate to an appeal which Defendant has voluntarily dismissed.

representation and representation by counsel. A person represented by counsel must rely upon that counsel. *See, e.g.*, *United States v. Olson*, 576 F.2d 1267, 1269-70 (8th Cir. 1978); *Daniels*, 572 F.2d at 540; *Ennis*, 560 F.2d at 1075; *Williams*, 534 F.2d at 123; *United States v. Hill*, 526 F.2d 1019, 1024-25 (10th Cir. 1975); *Move Org. v. City of Phila.*, 89 F.R.D. 521, 523 n.1 (E.D.Pa.1981); *United States ex rel. Snyder v. Mack*, 372 F.Supp. 1077, 1078-79 (E.D.Pa.1974); *cf. Storseth v. Spellman*, 654 F.2d 1349, 1352-53 (9th Cir. 1981) (once counsel is appointed, prisoner has no right to assistance from inmate writer). In light of this case law, the court will only accept motions filed by Defendant's attorney of record.

IT IS ORDERED that Defendant Toufaili's "Application to Proceed In Forma Pauperis" and "Application for Leave to Appeal" [Dkt. ## 606 & 607] are hereby STRICKEN from the docket of this court.

    S/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated: March 29, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 29, 2013, by electronic and/or ordinary mail.

    S/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522